IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL EVANS | ) |
| | ) |
| v. | ) No. 1:07-0070 |
| | ) Judge Trauger/Bryant |
| WINDSOR MOLD GROUP | ) |

To: The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

**I.   Introduction**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this failure to hire and retaliation lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") on October 2, 2007 (Docket Entry No. 1). The case was referred to the undersigned on October 9, 2007 for all pretrial proceedings, including recommendations on any dispositive motions under 28 U.S.C. § 636(b)(1). (Docket Entry No. 3).

Currently pending is Defendant's motion for summary judgment (Docket Entry No. 17), supported by memorandum, statement of undisputed facts, and declarations (Docket Entry Nos. 18-21). Plaintiff has responded to the motion (Docket Entry No. 22), and Defendant has replied to the Plaintiff's response (Docket Entry No. 23). Plaintiff then filed what amounts to a sur-reply in support of his opposition to the motion (Docket Entry No. 24). Upon consideration of these papers, and for the reasons given below, the Magistrate Judge recommends that Defendant's motion for summary judgment be GRANTED.

1

## II.     Factual Background

Plaintiff Evans asserts that in May 2006, Windsor Mold failed to hire him due to his race and in retaliation for a discrimination lawsuit that he previously filed against a former employer, American Magotteaux. (Docket Entry No. 1 at ¶¶ 5, 8, 9). In 1998, Mr. Evans and American Magotteaux reached an out-of-court monetary settlement. (Docket Entry No. 19-2 at 52, 54-55). At the time of the settlement, Tommy Taylor worked in Human Resources at American Magotteaux. *Id.* at 4. Mr. Taylor was subsequently the Human Resources Manager at the Windsor Mold Pulaski plant until he retired in May 2006. (Docket Entry No. 21 at ¶ 2). After Mr. Evans submitted his résumé, he learned of Mr. Taylor's position at Windsor Mold. (Docket Entry No. 19-2 at 82). Plaintiff claims that Mr. Taylor is biased against African Americans, and that he was "in the hiring position" at Windsor Mold when he applied, resulting in Windsor Mold's failure to hire him. *Id.* at 130; Docket Entry No. 1 at ¶¶ 8-9.

Windsor Mold Group is a Canadian corporation that has a plant in Pulaski, Tennessee. (Docket Entry No. 20 at ¶ 3). Tommy Taylor, the Human Resources Manager for the Windsor Mold Pulaski plant, announced his retirement in late April of 2006. (Docket Entry No. 21 at ¶ 2). His last day of work was on May 26, 2006, after submitting formal notice on May 11. *Id.*

On May 24, 2006, Mr. Evans applied for the open Human Resources Manager position at the Windsor Mold Pulaski plant by submitting his résumé though the Pulaski Career Center. (Docket Entry No. 1 at ¶ 5; Docket Entry No. 19-2 at 77, 105). In the first week of June, Mr. Evans contacted Windsor Mold to see if it had received his résumé. *Id.* at 120-21. He spoke to an unknown employee who assured him that his résumé was "on Tommy Taylor's desk." *Id.*; Docket Entry No. 22 at ¶ 3. Mr. Evans did not speak to Mr. Taylor or to anyone else from

2

Windsor Mold after he applied for the position. (Docket Entry No. 19-2 at 78, 119).

After Mr. Taylor's retirement, however, Windsor Mold decided to eliminate the Human Resources Manager position at the Pulaski plant. (Docket Entry No. 20 at ¶ 5). According to the Plant Manager for the Windsor Mold Group in Pulaski, the company had recently hired a corporate Human Resources Manager, and no longer needed the local position. *Id.* at 6. Instead, the company created a Senior Human Resources Generalist position, which was offered to someone who was already working for Windsor Mold. *Id.*

According to Mr. Taylor and the Plant Manager in Pulaski, Windsor Mold did not consider any résumés for the Human Resources Manager position before deciding to eliminate it. *Id.* at 7. Mr. Taylor asserts that he was not involved in any hiring decisions after he announced his retirement in April, and although he had heard of Mr. Evans from his involvement with American Magotteaux, he never discussed Mr. Evans with anyone at Windsor Mold. (Docket Entry No. 21 at ¶¶ 3, 4, 5). Likewise, the Plant Manager claims never to have heard of Mr. Evans or his lawsuit against American Magotteaux. (Docket Entry No. 20 at ¶ 8). Windsor Mold did not review Mr. Evans's résumé before eliminating the position to which he applied. *Id.* at 7.

Mr. Evans did not hear from Windsor Mold about the Human Resources Manager position. (Docket Entry No. 19-2 at 106). He admits that he does not know whether Mr. Taylor considered his résumé, or whether anyone else at Windsor Mold Group had ever heard of him. (Docket Entry No. 19-2 at 105-06, 127). Mr. Evans maintains, however, that Mr. Taylor has a history of discriminating against African-Americans, knew about the prior discrimination lawsuit, and may have "[poisoned] the well" for the hiring decision. *Id.* at 125-26, 128.

On November 11, 2006, Mr. Evans filed charges against Windsor Mold with the Equal

3

Employment Opportunity Commission (EEOC). (Docket Entry No.1 at ¶ 6). After receiving Notice of a Right to Sue on July 30, 2007, Mr. Evans filed this complaint. *Id.* at 7.

## III. Conclusions of Law

### A. Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In determining whether the movant has met its burden, the court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). To withstand summary judgment, the nonmoving party "may not rest on its pleadings, but must come forward with [admissible] evidence from which a rational trier of fact could find in its favor." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). After sufficient time for discovery, summary judgment is appropriate if the nonmoving party has failed to "establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992).

### B. Analysis

#### 1. Administrative Prerequisites to Filing Suit

Plaintiff has exhausted the administrative prerequisites to this suit by filing the failure to hire and retaliation claims with the EEOC less than 300 days after the alleged discrimination. 42 U.S.C. sec 2000e-5(e); *Hayes v. Automated Components Holdings, LLC,* 2007 U.S. Dist. LEXIS

4

25974 at *10 (M.D. Tenn. April 6, 2007) (finding that "an individual prior to filing suit, must file charges within 300 days of the unlawful employment practice"). Mr. Evans sent his résumé to Windsor Mold on May 24, 2006, and alleges that they discriminated against him on this date. (Docket Entry No. 1 at ¶ 4). On November 11, 2006, he filed both failure to hire and retaliation charges with the EEOC. *Id.* at 5. Within 90 days of receiving a Notice of a Right to Sue from the EEOC, Mr. Evans filed the same charges in the Middle District of Tennessee. *Id.* (providing that a lawsuit must "be filed within 90 days of" receiving notice of suit rights). Because he has exhausted the administrative prerequisites to a Title VII claim in a timely fashion, the Plaintiff is not barred from pursuing a remedy in this court.

### 2. Title VII Claims

However, because the Plaintiff has failed to bring forward admissible evidence establishing the existence of elements essential to both his failure to hire and retaliation claims, the Magistrate Judge recommends that the Defendant's motion for summary judgment be granted. In his responsive brief (Docket Entry No. 22), Plaintiff asserts that he "will prove" various matters at the trial of his case. However, as the party opposing summary judgment, Mr. Evans "must set forth specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (citing Fed. R. Civ. P. 56(e)). His subjective beliefs, without affirmative evidence, are insufficient to establish a claim for discrimination as a matter of law. *Sallee v. Tenn. Dep't of Safety,* 2006 U.S. Dist. LEXIS 87306 at *32 (M.D. Tenn. Nov. 29, 2006) *(*citing *Mitchell*, 964 F.2d at 584). Since the close of discovery on January 2, 2009, Mr. Evans has failed to bring forward evidence beyond his pleadings and bare allegations establishing a *prima facie* case for both claims. (Docket Entry No. 13). Because he will bear the burden of

5

proving these elements at trial, summary judgment for the Defendant is appropriate. *Celotex Corp.,* 477 U.S. at 317.

### a. Failure to Hire Claim

Mr. Evans alleges that the Windsor Mold failed to hire him in violation of Title VII because Tommy Taylor has a bias against African-Americans and was either "in the hiring position" at Windsor Mold when he applied, or negatively influenced the company's view of his application. (Docket Entry Nos. 1,19-2 at 125-26, 128).

To establish a *prima facie* case for failure to hire, a plaintiff must show that: (1) he is a member of a protected class; (2) he applied and was qualified for a job for which the employer sought applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, "the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1972). As an African-American, Mr. Evans is a member of a protected class. *Id.* at 792 (specifying race as a protected class). For the purposes of summary judgment, this court also accepts that Mr. Evans applied for the Human Resources Manager position by sending his résumé to Windsor Mold, and that Windsor Mold was seeking applicants for this position at the time. (Docket Entry Nos. 1 at ¶ 5, 19-2 at 77, 105). However, because Mr. Evans has not produced sufficient evidence to show that (1) he was qualified for the position, (2) he was rejected, or (3) the position remained open, his failure to hire claim fails as a matter of law.

Mr. Evans has not produced sufficient evidence to establish that he was qualified for the Human Resources Manager position at Windsor Mold because he cannot identify the minimum qualifications for the position. Without evidence of a position's minimum qualifications, a

6

plaintiff's bare assertion that he is qualified for the position is insufficient to establish the "qualification" element for discrimination cases. *Farmer v. Cleveland Pub. Power*, 295 F.3d 593, 604 (6th Cir. 2002) (affirming summary judgment for the defendant; finding that "the absence of any authenticated job postings setting forth the minimum requirements for [the position] prevents [the court] from being able to evaluate the merits of [the plaintiff's claim]"). Although Mr. Evans asserts that he was aware of the minimum qualifications for the Human Resources Manager position at the time that he sent his résumé, he does not recall what these requirements were and has not produced any evidence to establish them. (Docket Entry No. 19-2 at 96-96). This prevents the court from evaluating the merits of Mr. Evans' claim. Further, Mr. Evans admits that he has had no formal certifications in Human Resources and has never served as a Human Resources Manager. *Id.* at 98. In the absence of evidence establishing the minimum qualifications for the Human Resources Manager position, Mr. Evans cannot establish that he was qualified. *See, e.g.*, *Leadbetter v. Gilley*, 385 F.3d 683, 691 (6th Cir. 2005) (measuring "qualification" by the minimum requirements of the position; considering the plaintiff's education and experience); *Jackson v. Fedex Corporate Servs.*, 518 F.3d 388, 392 (6th Cir. 2008) (measuring "qualification" by the demands of the position).

Even if Mr. Evans could establish that he was qualified for the position, he has not produced any evidence that Windsor Mold considered him for employment and rejected his application, which is the third prong of a *prima facie* case. Although the standard for the third prong is not meant to be rigid, a plaintiff must produce some evidence that he was considered for a position in order to prevail on a failure to hire claim. *See Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (finding that the *McDonnell Douglas* standard is "not inflexible");

7

*White v. Columbus Metro. Housing Auth.*, 429 F.3d 232, 241 (6th Cir. 2005) (inferring consideration from a rejection letter in the absence of an initial interview). Mr. Evans admits that he does not know whether he was considered for the Human Resources Manager position. (Docket Entry No. 19-2 at 105-06). Windsor Mold did not interview Mr. Evans for the position or send him a notice of rejection. *Id.* at 107. Even though Mr. Evans called Windsor Mold and spoke to an employee who said that his résumé was "on Tommy Taylor's desk," this conversation was after Mr. Taylor's last day of work and after the company had decided to eliminate the position. *Id.* at 84. Because Windsor Mold did not hire anyone else for the Human Resources Manager position, Mr. Evans has not shown that the company rejected him.

Finally, Mr. Evans has not produced evidence to establish that the Human Resources Manager remained open or that Windsor Mold hired another similarly qualified individual who was not a member of his protected class. Following Mr. Taylor's retirement, Windsor Mold eliminated the Human Resources Manager position at its Pulaski plant because the company had hired a corporate Human Resources Manager. (Docket Entry No. 20 at 6). The company replaced the position with a Senior Human Resources Generalist position and filled it with Liz Pate, who was already working for Windsor Mold. *Id.* Although Mr. Evans asserts that the Senior Human Resources Generalist position may be no different than the position to which he applied, he has not produced any evidence to support this claim. Docket Entry No. 22 at ¶ 5; *See Storey v. City of Sparta Police Dept.*, 667 F. Supp. 1164, 1170 (M.D. Tenn. 1987) (finding that the plaintiff satisfied the fourth prong of a *prima facie* case after showing that the police department gave significant overtime to employees performing the same duties as a new hire). Even if Mr. Evans could demonstrate that the Senior Human Generalist position and the Human Resources

Manager position were functionally equivalent, it is not clear that he and Liz Pate were "similarly qualified," as she already worked for Windsor Mold. Because the summary judgment proof shows that Windsor Mold eliminated the Human Resources Manager position without ever rejecting or even considering Mr. Evans' qualifications therefor, Plaintiff cannot establish a *prima facie* case for discrimination. (Docket Entry No. 20 at 6). His discrimination claim cannot proceed to trial based solely on an inference arising from his history with Mr. Taylor.

### b. Retaliation Claim

Mr. Evans also alleges that Windsor Mold's failure to hire him was in retaliation for a discrimination lawsuit he filed in 1998 against his former employer, American Magotteaux. (Docket Entry No. 1 at ¶¶ 5, 8, 9).

To establish a *prima facie* claim of retaliation under Title VII, a plaintiff must show that: (1) he engaged in a protected activity; (2) the defendant knew that he engaged in a protected activity; (3) the defendant subjected him to an adverse employment action; and (4) the adverse employment action was causally connected to the protected activity. *Ladd v. Grand Trunk Western R.R., Inc.*, 552 F.3d 495, 502 (6th Cir. 2009). Mr. Evans engaged in a protected activity when he sued American Magotteaux. (Docket Entry No. 19 at 6). Assuming, *arguendo*, that Windsor Mold engaged in adverse employment action by not hiring Mr. Evans (which is in dispute, as Windsor Mold claims that it never considered Mr. Evans' application (Docket Entry No. 20 at ¶ 7)), the third element is also satisfied. However, Mr. Evans is unable to establish the second and fourth prongs of a *prima facie* case of retaliation.

Because Mr. Evans has not shown that Mr. Taylor made the hiring decision at Windsor Mold or that Mr. Taylor informed anyone else at Windsor Mold of the lawsuit, the second prong

of a *prima facie* case cannot be established. To support a retaliation claim, a plaintiff must show that a decision-maker in the company knew of his protected activity. *Sallee,* 2006 U.S. Dist. LEXIS 87306 at *32 (finding that the plaintiff failed to make out a *prima facie* case for retaliation because the person who decided to terminate her employment was not involved in the protected activity). Even though Mr. Taylor knew of Mr. Evans' previous lawsuit, Mr. Evans has not shown that Mr. Taylor was a decision-maker at the time that he submitted his résumé. (Docket Entry No. 19-2 at 105-06). Rather, the evidence shows that Mr. Taylor was not involved in any hiring decisions after he announced his retirement in late April, and Mr. Evans admits that he does not know if Mr. Taylor considered his résumé. *Id.*; Docket Entry No. 21 at ¶¶ 3, 4. Mr. Evans also admits that he has no evidence that Mr. Taylor ever mentioned his name to anyone at Windsor Mold or directed the hiring decision. (Docket Entry No. 19-2 at 127). According to Mr. Taylor, he did not discuss Mr. Evans with any of the employees at Windsor Mold. (Docket Entry No. 21 at ¶ 5). The Pulaski plant manager, who decided to eliminate the Human Resources Manager position, also claims that he had never heard of Mr. Evans. (Docket Entry No. 20 at ¶ 8). Assuming, therefore, that Mr. Evans could demonstrate that Windsor Mold received and considered his résumé for the human resources position, he cannot show that the company knew of his protected activity.

     For these same reasons, Mr. Evans also cannot establish a causal relationship between Windsor Mold's failure to hire him and his lawsuit against American Magotteaux. To establish a causal connection, a plaintiff must offer sufficient evidence from which an inference could be drawn that but for the defendant's protected activity, the adverse employment action would not have been taken. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). Although the

10

burden of establishing a causal relationship at this stage is "easily met," there usually must be more than mere temporal proximity. *Id.* Here, the only evidence that Mr. Evans has of a causal relationship is that Mr. Taylor worked at both American Magotteaux and Windsor Mold. (Docket Entry No. 19-2 at 54; Docket Entry No. 21 at ¶ 2). Because Mr. Evans does not have any evidence that Mr. Taylor considered his résumé, was involved in the hiring process, or told anyone else at Windsor Mold about the protected activity, Mr. Evans has not produced sufficient evidence to create an inference of a causal relationship. (Docket Entry No. 105-06, 127). The Plaintiff has not established a *prima facie* case for retaliation.

### c. Pretextual Reason for Not Hiring

If Mr. Evans were able to establish a *prima facie* case for an adverse employment action, the burden would shift to Windsor Mold "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp.*, 411 U.S. at 802. If Windsor Mold is able to give such a reason, then Mr. Evans bears the burden of establishing that the reason is *pretextual* by showing that the reason "(1) has no basis in fact; (2) did not actually motivate the adverse action; or (3) was insufficient to motivate the adverse action." *Ladd* 552 F.3d at 502 (citing *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)).

Windsor Mold has put forth by admissible evidence two reasons for not hiring Mr. Evans: (1) that it had never heard of Mr. Evans, and (2) that the position he sought was eliminated. (Docket Entry No. 19 at 8; Socket Entry No. 20 at 6, 8; Docket Entry No. 21 at 5). Mr. Evans has not produced any evidence either to disprove Windsor Mold's reasons for not hiring him or to show that they are a pretext for race discrimination or a cover-up for a retaliatory motive. Although Mr. Evans asserts that the Human Resources Manager position and

11

the Senior Human Resources Generalist position may be functionally equivalent, he has not produced evidence to support this claim. (Docket Item No. 22 at ¶ 5). He has also failed to produce sufficient evidence to show that Mr. Taylor was "in the hiring position" at Windsor Mold when he applied. Finally, Mr. Evans asserts that Mr. Taylor is biased against African-Americans because he has "never hired a black man" for a management position. (Docket Item No. 19-2 at 123). However, even if he were to support this claim with the evidence he intends to put forward, Mr. Evans admits that he does not know whether anyone else at Windsor Mold had a racial bias. *Id.* at 124; Docket Entry No. 22 at ¶ 3. Therefore, even if Mr. Evans had made a *prima facie* case, he has not shown that Windsor Mold's reasons for not hiring him were pretextual, and his discrimination and retaliation claims would accordingly fail as a matter of law.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that Defendant's motion for summary judgment be GRANTED.

Any party has ten (10) days from the receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing the objections shall have ten (10) days from receipt of any objections filed in which to file any responses to the objections. Failure to file specific objections within ten (10) days of receipt can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 15th day of June, 2009.

s/John S. Bryant
JOHN S. BRYANT

UNITED STATES MAGISTRATE JUDGE

13